Case 2:25-cv-02102-TLB   Document 2   Filed 09/10/25   Page 1 of 7 PageID #: 2

US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

SEP 10 2025

Ronald E. Dowling
By_____
         Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**Maxis Richards**
Plaintiff,

v.

**National Security Agency (NSA)**
Defendant.

**Civil Action No.** 2:25-cv-02102 _____

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

---

### NATURE OF THE CASE

This case challenges the NSA's use of clandestine, classified neuroweapons on a civilian U.S. citizen without warrant, consent, or judicial oversight.

Plaintiff brings this action to stop the unlawful targeting and obtain justice for ongoing physical, psychological, and constitutional harm inflicted under the black-budget program referred to publicly as **Project Puppet**, and internally believed to be known as **Project Signal**.

This lawsuit seeks both transparency and accountability.

---

### I. INTRODUCTION

This is a civil action for declaratory and injunctive relief, compensatory and punitive damages, and other appropriate relief to address grave violations of the Plaintiff's constitutional rights, civil liberties, and international human rights.

Plaintiff brings this suit against the National Security Agency (NSA), a component of the United States Government, for its operation of an illegal, classified, black-budget program involving covert electromagnetic and neurological experimentation upon civilians, which the Plaintiff publicly refers to as **Project Puppet**.

Plaintiff reasonably believes, based on research and corroborating whistleblower testimony, that the internal codename for this program is **Project Signal**, and that it is being coordinated in part from **NSA headquarters in Fort Meade, Maryland.**

As a direct result of this program, the Plaintiff has been subjected to non-consensual surveillance, psychological and neurological manipulation, physical pain, sleep deprivation, sexual violation, and mental torture via advanced neurotechnological and satellite-based systems.

## II. JURISDICTION AND VENUE

Jurisdiction is proper in this Court pursuant to:

- 28 U.S.C. § 1331 (federal question)
- 5 U.S.C. § 552 (Freedom of Information Act)
- 5 U.S.C. § 552a (Privacy Act)
- 42 U.S.C. § 1983 (civil rights violation)
- 18 U.S.C. § 2340A (torture under color of law)

Venue is proper in the Western District of Arkansas under 28 U.S.C. § 1391(e), as the Plaintiff resides in Fort Smith, Arkansas.

## III. PARTIES

**Plaintiff:** Maxis Richards

- U.S. citizen residing in Fort Smith, Arkansas
- Date of Birth: [REDACTED], 1980
- Social Security Number: [REDACTED]-9746
- Former Legal Name (until April 2, 2025): Eric Pratt

**Defendant:** National Security Agency (NSA)

- Address: 9800 Savage Road, Fort Meade, MD 20755-6000

## IV. FACTUAL BACKGROUND

The NSA, through its classified technologies and global satellite networks, has targeted Plaintiff with the following forms of non-consensual experimentation:

- **Voice-to-Skull (V2K)** transmissions via microwave energy
- **Remote Neural Monitoring (RNM)** and cognitive decoding
- **Directed Energy Weapons (DEWs)** causing physical pain and neurological interference
- **Behavior modification algorithms** via artificial intelligence feedback loops
- **Satellite-based targeting and surveillance systems**

These technologies allow for the manipulation, stimulation, and punishment of Plaintiff's body and mind remotely, without any court order, warrant, or public accountability.

Plaintiff has experienced years of:

- Involuntary muscle movement and organ distress
- Forced arousal and sexual violation
- Sleep deprivation via pulsed microwave interruptions
- V2K harassment and synthetic telepathy
- Chronic anxiety, depression, memory impairment, and disorientation

Multiple whistleblowers and experts—including **Dr. Robert Duncan,** former government engineer—have confirmed the existence of these weapons and their deployment against civilians.

Thousands of victims around the world have publicly reported identical symptoms, targeting patterns, and technological abuse—demonstrating this is not an isolated incident.

---

## V. LEGAL CLAIMS

### A. Constitutional Violations

- **Fourth Amendment** – Violation of the right to be free from unlawful searches and seizures, including brainwave monitoring and electromagnetic tracking
- **Fifth Amendment** – Deprivation of liberty, bodily autonomy, and due process without legal cause or judicial oversight

- **Eighth Amendment** – Infliction of cruel and unusual punishment without conviction or trial

### B. Statutory Violations

- 18 U.S.C. §§ 2340–2340A – Torture under color of law
- 42 U.S.C. § 1983 – Deprivation of civil rights by a government entity
- 18 U.S.C. §§ 241–242 – Conspiracy against rights and deprivation under color of law

### C. International Law Violations

- United Nations Convention Against Torture (CAT) – Prohibits any form of cruel, inhuman, or degrading treatment

---

## VI. PATENT EVIDENCE AND TECHNICAL CORROBORATION

Publicly available U.S. patents confirm the feasibility and existence of these technologies:

- US Patent **3951134** – Microwave Auditory Effect (speech via microwaves)
- US Patent **6011991** – Nervous system manipulation via frequencies
- US Patent **6506148** – Control of the nervous system through electromagnetic fields

These technologies reflect the very methods that Plaintiff has been subjected to under **Project Puppet / Signal.**

---

## VII. PROGRAM HISTORY AND CONTEXT

Programs leading up to this include:

- Project **MKUltra** – CIA's mind control experiments
- Project **Pandora** – Electromagnetic frequency weapon research
- **Stargate Program** – Government remote viewing/mind-influence operations
- **ECHELON / SHAMROCK / TURBINE** – NSA surveillance architectures

These historic programs formed the operational and technological foundation for the present-day targeting system.

This mirrors the findings of the **Church Committee** and **Pike Committee** in the 1970s, which uncovered systemic abuse of covert technologies on U.S. citizens under the guise of national security.

## VIII. FOIA & PRIVACY ACT REQUEST

Under **5 U.S.C. § 552 (FOIA)** and **5 U.S.C. § 552a (Privacy Act)**, Plaintiff demands the immediate release of:

- All records referencing Plaintiff's current and former name
- Targeting logs, biometric data, neural interface records
- Satellite tracking, audio transmissions, AI assessments
- Any documentation involving **Project Puppet** or **Project Signal**

## IX. DEMANDS FOR RELIEF

Plaintiff respectfully demands:

1. A declaratory judgment that these operations are unconstitutional and unlawful
2. A permanent injunction prohibiting further targeting or data collection
3. Compensatory damages for mental and physical injury
4. Punitive damages to deter further illegal experimentation
5. Appointment of a special master or oversight committee to audit these programs

## X. INTENT TO FILE CRIMINAL COMPLAINT

Plaintiff reserves the right to file a formal criminal complaint with:

- The Federal Bureau of Investigation (FBI)
- The United Nations Special Rapporteur on Torture
- The United States Department of Justice (DOJ)

## XI. REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to the **Seventh Amendment** of the U.S. Constitution.

## XII. CERTIFICATION

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

## XIII. PUBLIC NAME VS INTERNAL NAME

The term **"Project Puppet"** is the public designation assigned by Plaintiff.
Plaintiff does not possess the internal classification used by the NSA, but believes it may correspond to the internal codename **Project Signal,** based on research and whistleblower information.

## XIV. LITIGATION HOLD REQUEST

Plaintiff demands that the NSA preserve all relevant records, including:

- Satellite logs
- Electromagnetic signals
- AI decision logs
- Emails, classified documents, and surveillance reports
- Any data related to **Suite 4128**, Fort Meade

Failure to preserve this data may result in **sanctions for spoliation of evidence**.

## XV. PUBLIC INTEREST AND ONGOING HARM

This is not an isolated incident.
Thousands of Americans and others globally report similar targeting symptoms.
Public whistleblowers such as **Dr. Robert Duncan** have confirmed these systems exist and are in operation.

The NSA's continued use of neuroweapons on civilians constitutes a matter of **profound public interest,** warranting **urgent judicial and Congressional oversight.**

## XVI. PERSONAL HARM AND DAMAGES

As a result of this unlawful targeting, Plaintiff has endured:

- Severe psychological trauma, including anxiety, depression, and paranoia
- Loss of income and employment due to cognitive interference
- Social isolation due to forced behavioral disruptions
- Chronic physical pain and sleep deprivation
- Emotional harm from the inability to live without intrusion

These injuries have significantly diminished Plaintiff's quality of life.

## XVII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Declare the Defendant's conduct unconstitutional and unlawful
2. Enter a permanent injunction enjoining all forms of electromagnetic, neurological, and satellite-based interference with Plaintiff
3. Order the NSA to disclose all records related to Plaintiff under FOIA and the Privacy Act
4. Award compensatory and punitive damages in an amount to be determined at trial
5. Award costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E)
6. Grant such other and further relief as the Court deems just and proper

**Respectfully submitted,**
**Maxis Richards**
Fort Smith, Arkansas
DOB: [REDACTED], 1980
SSN: [REDACTED]-9746
Former Legal Name: Eric Pratt (Changed April 2, 2025)

*Maxis Richards*