IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MAXIS MICHAEL RICHARDS                                                    PLAINTIFF

v.                                    Civil No. 2:25-cv-02102-MEF-TLB

NATIONAL SECURITY AGENCY                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to Chief United States District Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

## I.        BACKGROUND

Plaintiff filed his Complaint and Motion to Proceed *in forma pauperis* (IFP) on September 10, 2025.  (ECF No. 2).  Plaintiff alleges that the National Security Agency is using a clandestine and classified neuroweapon against him without warrant, consent, or judicial oversight.  (*Id*. at 1). Plaintiff states that the program is referred to publicly as "Project Puppet," and he believes it is internally referred to as "Project Signal."  (*Id*.).  Plaintiff alleges that, because of this program, he has suffered the following for years:

- • Involuntary muscle movement and organ distress
- • Forced arousal and sexual violation
- • Sleep deprivation via pulsed microwave interruptions
- • V2K harassment and synthetic telepathy

1

• Chronic anxiety, depression, memory impairment, and disorientation

(*Id*. at 3).  Plaintiff states that a whistleblower named Dr. Duncan has confirmed that these systems exist and are in operation.  (*Id*. at 6).  He alleges thousands of Americans and citizens of other countries are being similarly affected by this Project.  (*Id*.).

Plaintiff seeks the following relief:

1.    Declare the Defendant's conduct unconstitutional and unlawful.
2.    Enter a permanent injunction enjoining all forms of electromagnetic, neurological, and satellite-based interference with Plaintiff.
3.    Order the NSA to disclose all records related to Plaintiff under FOIA and the Privacy Act.[1]
4.    Award compensatory and punitive damages in an amount to be determined at trial.
5.    Award costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E).
6.    Grant such other and further relief as the Court deems just and proper.

(*Id*. at 7).

Plaintiff filed a Motion for "Material Change and Emergency Request for Protective Relief" on September 12, 2025.  (ECF No. 6).  Plaintiff alleges that, since filing this action, he has experienced a "marked escalation" of the conduct alleged in his Complaint, including intensified **directed-energy/neuromodulation events** temporally linked to litigation activity; increased **"voice-to-skull"/synthetic auditory transmissions** referencing this case; and apparent **fabrication/manipulation of electronic artifacts** seemingly designed to discredit Plaintiff or obstruct litigation.  (*Id*. at 1) (emphasis in original).  He alleges that this escalation is occurring in retaliation for his filing of this case. (*Id*.).  He seeks a temporary restraining order and a protective order.  (*Id*.).

---

[1] The Court notes that Plaintiff has another case open in this District against the National Security Agency for failure to respond to a Freedom of Information Act request.  This case is *Richards v. National Security Agency*, Case No. 2:25-cv-02098-TLB.

## II.        LEGAL STANDARD

Under § 1915, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.        ANALYSIS

The Supreme Court has long held that a court may dismiss a claim as frivolous if the facts are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325, 28)

3

(cleaned up); *see, e.g. Grant v. C. Intelligence Agency*, No. 4:19-CV-2969-NAB, 2019 WL 6050830, at *2 (E.D. Mo. Nov. 15, 2019) (dismissing the case because "Plaintiff's claims are based upon allegations of espionage and conspiracy that are fanciful, fantastic, or delusional, or that rise to the level of the irrational or wholly incredible."). Here, the Court finds Plaintiff's allegations to be delusional and fanciful, and therefore, clearly baseless. The Complaint is factually frivolous and should be dismissed as such.

### IV.    CONCLUSION

Accordingly, it is RECOMMENDED that:

1.    Plaintiff's Motion to Proceed IFP (ECF No. 3) be DENIED.

2.    Plaintiff's Motion for "Material Change and Emergency Request for Protective Relief" (ECF No. 6) be DENIED.

3.    Plaintiff's Complaint (ECF No. 2) be DISMISSED WITHOUT PREJUDICE.

4.    That the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of October 2025.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE